UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mariah Thomas,

        Petitioner,                            Case Number: 20-11634
                                                    Hon. George Caram Steeh

    v.

Jeremy Howard,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR
STAY [10], STAYING RESPONSIVE PLEADING
DEADLINE, AND ADMINISTRATIVELY CLOSING CASE**

In 2020, Petitioner Mariah Thomas filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 and a motion to stay the case while she exhausted state remedies.  (ECF Nos. 1, 2.)  The Court granted the motion to stay and administratively closed the case. (ECF No. 5.)  After seeking state court relief, Petitioner filed a motion to lift stay and to file an amended petition.  (ECF No. 6.)  On February 29, 2024, the Court granted Petitioner's motion, reopened the proceeding, and directed Respondent to file an answer.  (ECF No. 8.)  Now before the Court is Petitioner's second motion to stay proceeding.  (ECF No. 10.)

- 1 -

Petitioner maintains a stay is necessary so she may exhaust additional unexhausted claims in state court. The unexhausted claims are based on a new retroactive change in the law not previously available to her. District courts have authority to issue stays, *Rhines v. Weber*, 544 U.S. 246, 269, 276 (2005), and courts may delay a decision on a habeas petition with fully-exhausted claims "when considerations of comity and judicial economy would be served." *Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (quotation omitted). This stay-and-abeyance procedure normally is available when the petitioner had good cause for the failure to exhaust her state remedies, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278. Here, even though the exhaustion rule is not a jurisdictional requirement, *Castille v. Peoples*, 489 U.S. 346, 349 (1989), considerations of comity and judicial economy are best served by having petitioner present her unexhausted claims to the state courts before raising the claims in federal court. Furthermore, a dismissal of this case while petitioner pursues state remedies for her unexhausted claims could result in a subsequent petition being barred by the one-year statute of limitations for habeas corpus petitions. *See* 28 U.S.C. § 2244(d); *Rhines*, 544 U.S. at 275 (approving stay-and-abeyance

procedure where dismissal would jeopardize timeliness of future petition). There is no indication that Petitioner is engaged in intentionally dilatory litigation tactics and her argument that the new claims are based on a retroactive change in the law arguably serves as "cause" for her failure to exhaust before seeking habeas relief. The Court concludes that it would not be an abuse of discretion to stay this case, rather than dismiss it, while Petitioner pursues additional state-court remedies.

Accordingly, the Court GRANTS Petitioner's motion for a stay. (ECF No. 10.) The Court orders Petitioner to return to state court and file a motion for relief from judgment within sixty (60) days of this order if she has not already done so. In addition, if she is unsuccessful in state court and wishes to return to federal court, Petitioner must file an amended habeas corpus petition and a motion to re-open this case within sixty (60) days of exhausting state remedies. Failure to comply with the conditions of this stay may result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

The portion of the Court's February 29, 2024 order setting a deadline for Respondent to file an answer is stayed. Should this case be reopened, the Court will set a new responsive pleading deadline.

The Court ORDERS the case closed for administrative purposes. Nothing in this order shall be construed as an adjudication of petitioner's exhausted claims.

SO ORDERED.

                                              s/George Caram Steeh
                                              HON. GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

Dated: May 22, 2024

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 22, 2024, by electronic and/or ordinary mail and also on Mariah Thomas #879444, Huron Valley Complex – Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/LaShawn Saulsberry
Deputy Clerk